UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-10-KAC-DCP |
| | ) | |
| CRAIG STEWART, | ) | |
| SHAWN STUART, | ) | |
| GARY MUSICK, | ) | |
| CARL PRUITT, and | ) | |
| BRITTANY WOODS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Gary Musick's Motion to Continue Trial and Corresponding Deadlines [Doc. 79], filed on July 7, 2025.

Defendant Gary Musick asks the Court to continue the September 16, 2025 trial date and all corresponding deadlines [Doc. 79]. In support of his motion, he states that he was charged on February 5, 2025, and retained his present counsel on March 3, 2025 [*Id.* ¶¶ 1, 3]. He asserts that the initial discovery is voluminous, with a significant number of records and investigative materials related to the six defendants and others, and that supplemental discovery was provided in June [*Id.* ¶¶ 4–5]. Defendant Musick also notes that he is in custody in Laurel County Correctional Complex [*Id.* ¶ 6]. Accordingly, he asserts that his counsel needs additional time to review the material and discuss it with him [*Id.* ¶ 7]. Due to a codefendant's plea, Defendant Musick avers that additional time is necessary to evaluate the need for pretrial motions and

1

otherwise prepare for trial [*Id.* ¶ 9]. Defendant states that he understands his right to a speedy trial, having been advised by counsel [*Id.* ¶ 10].

The Court ordered any remaining codefendant and the Government to file a position on continuing trial [Doc. 80].[1] The Government responded that it does not object to the motion [Doc. 82]. Defendant Shawn Stuart filed a plea agreement [*See* Docs. 83–84] and confirmed with Chambers via email that he has been advised of his right to a speedy trial and does not object to a continuance.

Defendant Carl Pruitt notified the Court that he does not oppose the motion [Doc. 87]. He states that his present successor counsel, appointed on June 5, 2025, is aware of prior plea negotiations but has not had sufficient time to fully review the discovery or discuss the case and possible plea terms with him [*Id.* at 1]. His counsel confirmed with Chambers via email that he has been advised of his speedy trial rights, understands them, and waives them for purposes of the instant motion to continue.

Defendant Craig Stewart noticed the Court that he does not oppose the motion and that he understands the time between the filing of the motion is fully excludable for speedy trial purposes [Doc. 88]. Defendant Brittany Woods also noticed the Court that she has no objection to the motion and that she has been advised of her speedy trial rights and waives them for the purposes of the motion to continue [Doc. 89].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making

---

[1] Defendant Randall Health Shelton responded that he has entered a plea of guilty and is awaiting sentencing [Doc. 81]. His sentencing is set for February 5, 2026 [Doc. 92].

this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant Musick and Defendant Pruitt the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Musick needs additional time to review discovery and discuss the material with him, evaluate the need for pretrial motions, and otherwise prepare for trial. Counsel for Defendant Pruitt also needs time to review discovery, confer with Defendant about the case and possible terms of a plea agreement, and finalize negotiations or, if those efforts are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the September 16, 2025 trial date.

The Court therefore **GRANTS** Defendant Gary Musick's Motion to Continue Trial and Corresponding Deadlines [**Doc. 79**]. After conferring with counsel, the trial of this case is reset to **January 20, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on March 4, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Gary Musick's Motion to Continue Trial and Corresponding Deadlines [**Doc. 79**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 20, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **July 7, 2025**, and the new trial date of **January 20, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(4) the deadline for filing pretrial motions is extended to **August 7, 2025**, and responses to motions are due or on or before **August 21, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 22, 2025**;

(6) the deadline for filing motions *in limine* is **January 5, 2026**, and responses to motions *in limine* are due on or **January 13, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 6, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 9, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge